IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLENE KRAMER,

      Plaintiff,

  v.

FREEDOM CAPITAL MORTGAGE;
WORLD SAVINGS BANK, FSB;
WACHOVIA MORTGAGE, FSB;
GOLDEN WEST SAVINGS;
CAL-WESTERN RECONVEYANCE;
WELLS FARGO, N.A.; and
DOES I-XX, Inclusive,

      Defendants.

No. 2:11-cv-00513 GEB KJN PS

ORDER

/

      On February 22, 2011, defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A., which was formerly known as Wachovia Mortgage, FSB and World Savings Bank, FSB (collectively, "Wachovia"), removed plaintiff's case to federal court.[1]  (See Notice of Removal at 1, Dkt. No. 1.)  On March 1, 2011, Wachovia and defendant Golden West Savings (the "Moving Defendants") filed a motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(9), and noticed that motion for a hearing before the

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

undersigned to take place on April 14, 2011.  (See Mot. to Dismiss, Dkt. No. 5.)  The Moving Defendants also filed, on March 1, 2011, a separate motion to strike portions of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(f), and noticed a hearing date of April 14, 2011.  (See Mot. to Strike, Dkt. No. 6.)

        Pursuant to this court's Local Rules, plaintiff was obligated to file and serve written oppositions or statements of non-opposition to the Moving Defendants' motions at least fourteen days prior to the hearing date, or March 31, 2011.  See E. Dist. Local Rule 230(c).[2]  The court's docket reveals that plaintiff, who is proceeding without counsel, failed to file written oppositions or statements of non-opposition with respect to the Moving Defendants' motions.

        Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court

---

[2] Eastern District Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.**  Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date.  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.  No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[3] See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

In light of the foregoing, IT IS HEREBY ORDERED that:

1. The hearing on the Moving Defendants' motions to dismiss and strike plaintiff's complaint (Dkt. Nos. 5, 6), which are presently set for April 14, 2011, is continued until May 19, 2011.

2. Plaintiff shall file written oppositions to the motion to dismiss and motion to strike, or statements of non-opposition thereto, on or before April 14, 2011. *Plaintiff's failure to file written oppositions will be deemed statements of non-opposition to the pending motions and consent to the granting of the motion to dismiss and motion to strike, and shall constitute an*

---

[3] The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss. See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. Appx. 789, 790 (9th Cir. 2010).

*additional ground for the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).*

3. The Moving Defendants may file written replies to plaintiff's oppositions, if any, on or before May 5, 2011.

IT IS SO ORDERED.

DATED: April 4, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE